UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TREVOR NATHANIEL VELEZ,

    Plaintiff,

v.                                      Case No. 3:21cv1539-MCR-HTC

ESCAMBIA COUTY BOARD OF COMMISSIONERS,
 ESCAMBIA COUNTY SHERIFF'S OFFICE,
 ESCAMBIA COUNTY JAIL,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Trevor Nathaniel Velez, a prisoner[1] proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 based on various conditions of confinement at the Escambia County Jail. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Because Plaintiff has failed to respond to this Court's orders, the undersigned respectfully recommends this case be DISMISSED

---

[1] When Plaintiff initiated this action, he was a pre-trial detainee at the Escambia County Jail. Plaintiff, however, was sentenced on November 17, 2021, and moved to the Florida Department of Corrections on December 16, 2021. *See* http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=Y81331&TypeSearch=AI.

WITHOUT PREJUDICE for failure to prosecute and failure to comply with Court orders.

On November 2, 2021, the Court entered an order granting Plaintiff's motion to proceed *in forma pauperis* (ECF Doc. 4), and directed Plaintiff to, within twenty-one (21) days, pay an initial filing fee of $20.55. ECF Doc. 5. Also, on November 19, 2021, the Court screened Plaintiff's complaint and found the complaint insufficient to be served on any of the Defendants. ECF Doc. 6. The Court, therefore, ordered Plaintiff to, within thirty (30) days, file an amended complaint, curing the deficiencies identified. *Id.* In both the Court's November 2, 2021 order and the Court's November 19, 2021 order, Plaintiff was advised his failure to comply may result in a recommendation that this case be dismissed. *Id.* Nonetheless, Plaintiff did not comply with either of the Court's orders. Thus, on December 16, 2021, the Court gave Plaintiff fourteen (14) days to show cause why his case should not be dismissed for failure to prosecute or failure to comply with Court orders. ECF Doc. 7.

On January 3, 2022, the Court's December 16, 2021 order was returned as undeliverable. Upon investigation, the clerk learned that Plaintiff had been moved from the Escambia County Jail to Northwest Facility Reception Center on December 16, 2021. Although Plaintiff did not file a notice of change of address as required, the clerk, out of courtesy, updated Plaintiff's address and re-mailed the Court's order

to Plaintiff at his current institution on January 3, 2021.  ECF Doc. 8.  Despite the passage of more than fourteen (14) days since the December 16, 2021 order was re-mailed, Plaintiff has not responded to the show cause order and his time to do so has passed.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion."  *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders.  *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Also, Plaintiff has not filed anything with the Court since filing his motion to proceed *in forma pauperis* more than two (2) months ago.  Thus, dismissal is also appropriate for failure to prosecute.  Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).  A district court's "power to dismiss is an inherent aspect of its authority to enforce its

orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as malicious and as an abuse of the judicial process for Plaintiff's failure to prosecute and failure to comply with Court orders.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this this 20th day of January, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.